IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN SARANDON BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-76-WKW |
| ) | |
| JAMES GLENN GOGGANS, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Steven Sarandon Barnes, an indigent inmate, currently confined in the Elmore County Jail. awaiting trial on several criminal charges.[1]  In this complaint, Barnes challenges the constitutionality of an order entered by James Glenn Goggans, a judge for the Elmore County District Court, on April 29, 2019 which raised Barnes' bond "to ten million dollars cash . . . on a non-capital offense."  Doc. 1 at 3.  Barnes complains that this amount is excessive and has resulted in his improper detention.  Doc. 1 at 3.  Barnes seeks declaratory and injunctive relief.  Doc. 1 at 4.  ("I would like the courts to help me in enforcing [my] constitutional rights . . & to assist . . . in getting a reasonable bond[.]").  Doc. 1 at 4.

---

[1] The court takes judicial notice of the case action summary for Barnes' pending criminal cases as maintained on the Alabama Trial Court System, hosted at www.alacourt.com. *See Keith v. DeKalb. Cnty*., 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of a state's online judicial system).  The state court records establish that Barnes is being held on charges of first degree rape, chemical endangerment of a child, possession of marijuana degree, aggravated child abuse and assault.

Upon thorough review of the instant complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II. DISCUSSION

Barnes alleges that Judge James Glenn Goggans entered an order in April of 2019 which deprived him of his constitutional right to a reasonable bond. Doc. 1 at 3. Barnes argues that the order issued by Judge Goggans has caused his unconstitutional detention on the criminal charges pending against him. Doc. 1 at 3.

The claims presented against Judge Goggans provide no basis for relief before this court as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not

---

[2]This court granted Barnes leave to proceed *in forma pauperis* in this cause of action. Doc. 3. A prisoner granted *in forma pauperis* status must have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous or malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by Barnes against Judge Goggans emanate from actions taken by the defendant in his judicial capacity during state court proceedings over which he had jurisdiction. Judge Goggans is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Barnes' claims against Judge Goggans are "based on an indisputably meritless legal theory" and, therefore, fail to state claims on which relief may be granted. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). As such, these claims are subject to dismissal pursuant to provisions the of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The court further finds that, insofar as Barnes seeks declaratory or injunctive relief from an order issued by Judge Goggans in April of 2019, this court lacks jurisdiction to

render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Barnes from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201. Moreover, a 42 U.S.C. § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (A § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court finds that summary dismissal of any request by Barnes seeking declaratory or injunctive relief from the order entered by Judge Goggans on April 29, 2019 setting bond in his pending criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed prior to service of process in accordance with the directives set forth in 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The plaintiff may file objections to the instant Recommendation on or before **June 30, 2020**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of June, 2020.

/s/  Stephen M. Doyle  
UNITED STATES MAGISTRATE JUDGE